# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT JANUARY TERM, A. D. 1839.

---

### THE STATE *against* JOSEPH J. SIMMONS.

MOTION *for rule to show cause why an attachment should not issue for a contempt.*

Under the statute of 1836, " to regulate the practice in the Supreme Court,"
it is necessary for the Clerk of the Circuit Court to whom a writ of error is
directed, either to endorse upon the writ of error, or attach to it, his return,
signed as clerk, and sealed with his seal of office.

A failure to make return, is a contempt of this court; and the clerk is not
excused because he was ignorant of the law, nor although he states in his
answer, that no contempt was intended.

This was a motion, in the case of *Lewis S. Tweedy* vs. *Benjamin Murphy*, in error to Conway Circuit Court, for a rule against the clerk of that court.

RINGO, *Chief Justice*, delivered the opinion of the Court:

On the motion of the plaintiff, a rule was made at the last term of this court, against *Joseph J. Simmons*, Clerk of the Circuit Court of Conway County, to show cause at the present term, why he should not be attached for failing to make due return of the writ of error issued, and addressed to him in this case.

At the present term, said *Simmons* personally appeared, in obedience to said rule, and filed his affidavit, by way of showing cause against the rule, stating " that he was clerk under the territorial government, and as such, made out and certified records to the Superior

LITTLE
ROCK,
Jan'y 1839
THE STATE
vs.
SIMMONS

Court, and it was not then required, as he understood the law and practice, to attach the writ of error to the record, and he never knew before, that the law had been changed, and that the clerk was now required by law, to attach the writ of error by seal, to the transcript of the record; and that his omission to attach the writ of error, was not with a design to show contempt to the court or its authority, but from the fact that he was utterly ignorant that it was necessary or required," and thereupon moved the court to discharge the rule.

Is this showing sufficient? The ninth section of the act of 1836, " to regulate the practice in the Supreme Court in appeals and writs of error in civil cases," pamphlet laws, p. 131, provides that all writs of error shall be returned, signed by the clerk of the court to which such writ shall be addressed, under the seal thereof, and if any clerk shall fail to make due return of any writ to the Supreme Court, he shall be liable to be punished by such court on attachment for his contempt, in the same manner as officers of other courts, for disobeying the process or orders of such courts. In the present case, the writ of error had not the return of the Clerk of the Circuit Court, signed by him and sealed with the seal of the court of which he was clerk, either endorsed thereon or attached thereto, as required by the provisions of the statute, and although such return may not have been required by the law or practice under the territorial government of Arkansas, we think there cannot exist a reasonable doubt, that it is required by the above recited statute, and the failure of the clerk to make such return, is in contemplation of the statute, a contempt of the law, and the process and authority of the court, for which the clerk is liable to be attached and punished by this court.

Here ignorance of the law is the principal ground relied upon to discharge the rule, although in connection therewith, the clerk expressly disavows on oath, any " *design* to show contempt to the court or its authorities," notwithstanding the maxim *ignorantia legis non excusat*, which applies as forcibly to acts done or omitted, which amount in legal contemplation to a contempt of the process and authority of the court, as to acts committed or omitted in violation of the criminal or civil laws of the land. It cannot, in either case amount to a defence or justification.

In this case, facts amounting in law to a contempt being admitted, the respondent cannot avoid the legal consequence thereof by avowing simply that no contempt was thereby intended.

The practice on the subject not having been hitherto well established, the court deem it proper thus definitely to settle the rule, that the officers subject to its operation may understand distinctly the responsibility under which they act.

Wherefore it is the opinion of this court, that the cause shown by the respondent is not sufficient to discharge the rule, and the same must, therefore, be made absolute.